ZENITH ELECTRONICS CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 85–06–00788

INDEPENDENT RADIONIC WORKERS OF AMERICA, ET AL., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 85–07–00905

## ORDER

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson* and *J. Eric Nissley),* for plaintiff Zenith Electronics Corporation.

*Collier, Shannon, Rill & Scott (Paul D. Cullen, Patrick B. Fazzone* and *Lawrence J. Lasoff,* for plaintiffs Independent Radionic Workers of America, et. al. ·

*Richard K. Willard,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch *(Velta A. Melnbrencis),* for defendant.

*Sharretts Paley Carter & Blauvelt, P.C. (Gail T. Cumins* and *Neil H. Marshak,* for defendant-intervenors, Sanyo Electric Co., Ltd.

WATSON, *Judge:* Sanyo Electric Co., Ltd. ("Sanyo"), a defendant-intervenor in this consolidated action, moves for dismissal of the complaints of plaintiff Zenith Electronics Corporation ("Zenith") and plaintiffs Independent Radionic Workers of America, *et al.* ("Unions") as they relate to Sanyo. Sanyo also seeks a declaration that the challenged antidumping review determination of the Commerce Department was lawful with respect to imported Sanyo merchandise.

In support of its motion, Sanyo states that all of plaintiffs' claims either have been resolved adversely to the plaintiffs in prior litigation, or are factually not applicable to the covered entries manufactured by Sanyo. The Court has previously granted judgment upon the agency record on certain of plaintiffs' claims, *see Zenith Electronics Corp.* v. *United States,* 10 CIT 268, 633 F. Supp. 1382 (1986), and those matters are currently remanded to the Commerce Department for a redetermination.

Zenith and the defendant correctly point out that Sanyo's motion misconceives the nature of these judicial proceedings. Zenith and the Unions initiated these actions for the purpose of challenging an administrative review determination relating to a prior antidump-

1

ing finding. The actions were brought against "The United States", not against any foreign manufacturer or its imports. Consequently, there are no claims against Sanyo which are subject to dismissal.

The Court's task is merely to decide whether the challenged determination was lawful and supported by substantial evidence. Where the Court finds error and remands to the Commerce Department for a redetermination, it is Commerce which applies the redetermination to specific entries as the facts warrant. It would be premature and improper for the Court to declare at this juncture that the redetermination should not affect entries of a specific foreign manufacturer.

Because the Court concludes that Sanyo's motion is not well-taken, it is hereby denied.